THOMAS, Plaintiff-Appellee, v. McDANIEL et, Defendants-Appellants.

Ohio Appeals, Second District, Fayette County.

No. 273.   Decided October 30, 1954.

Reed M. Winegardner, Washington, C. H., and Oliver H. Roth, Columbus, for plaintiff-appellee.

Omar A. Schwart, Washington C. H., for defendants-appellants.

## OPINION

By HORNBECK, J.:

Defendants appeal from a judgment against them and in favor of plaintiff in the sum of $675.00 with costs, for balance found to be due on a contract wherein defendants agreed to pay plaintiff as a real estate broker a 5% commission of the purchase price of certain real estate which they had agreed to buy and to close the transaction in not more than 40 days from the signing of the contract if their offer was accepted. The contract was dated April 3, 1951.

On May 13, 1951 defendants wrote to plaintiff stating their inability to complete the contract and consenting to the retention of $500.00 by the plaintiff which had been deposited with him by them. The second paragraph of this letter read:

"It was fully understood by you and the seller that we could not fulfill this contract until we sold our home."

The petition set out the contract, performance by the plaintiff and breach by defendants. Defendants answered admitting that they had entered into a written contract with plaintiff whereby they agreed to purchase, through her as agent, the property described in the petition for a consideration of $23,500.00 and denied generally all of the other averments of the petition.

The cause was tried to a judge without a jury.

Plaintiff introduced her license to engage in real estate business, the contract sued upon its acceptance by the sellers the letter above mentioned, and testified to its receipt, made some computation of the total amount which was due under the contract on the total purchase price, the credit of the $500.00 deposit and rested.

On cross-examination plaintiff was asked if the following statement was not true:

"It was fully understood by you and the seller that we could not fufill this contract until we sold our home."

Plaintiff's objection to the question was sustained and exception to the ruling noted. This action of the Court is the subject of the first error assigned.

At the conclusion of plaintiff's case defendants elected to offer no evidence on their behalf. Plaintiff moved for judgment as did defendants. Judgment was entered for plaintiff. This action of the Court is the subject of the second error assigned.

The Court in a written decision finding for the plaintiff sustaining the objection to the question heretofore stated, put to the plaintiff said that the defendants were attempting to prove an affirmative defense on cross-examination which could not be done. The case of **Pomfrey v. Prudential Insurance Company, 16 Oh Ap 75,** is cited which supports the proposition that an affirmative defense or a defense by way of avoidance cannot be introduced by defendant on cross-examination of plaintiff's witness.

Upon the answer there was no affirmative defense asserted. It was a general denial of the controlling paragraphs of the written agreement between the parties. So that, the ruling of the Court was to all intents and purposes a refusal to accept the testimony because, to be consistent, it could not have been received if offered by the defendants had they later proffered it in their behalf. It was probative only of an affirmative defense which was not pleaded. The defendants did not choose to further pursue their right to the testimony.

We believe the Court did not err in its ruling for another reason. The evidence sought to be offered was a violation of the parol evidence rule. It was completely at variance with that provision of the contract that defendants, if a purchaser was secured at the price fixed, would not later than 40 days after the signing of the contract perform their part of the contract. The contract contained no other qualifications or conditions and the testimony offered would have added a qualification and a condition relieving defendants from their agreed obligation.

"The parol evidence rule operated to exclude evidence offered to show what the parties to a written contract understood or intended by it, at least when such understanding or intention clearly contradicts the terms of the contract  17 O. Jur. 517, citing **Barton v. Morris, 15 Ohio 408; Johnson v. Pierce, 16 Oh St 472,** and many other cases.

"Parol evidence cannot be admitted to show the intention of the parties to a lease which is unambiguous and unequivocal."

Appellants cite **Martin v. Elden, 32 Oh St 282,** Wilson v. Wagar, 26 Mich. 452; **Hanoff v. State, 37 Oh St 178** and 42 O. Jur., 342, Sec. 338, all of which are authority that cross-examination should be permitted as to any subject which could properly have been pursued in chief. The citations are not applicable to the situation here. The letter which plaintiff introduced was to show an admission of defendants against interest, viz, that they would not perform their part of the contract. The part sought to be introduced by defendants was self serving and in contravention of the parol evidence rule.

Appellant cites **17 O. Jur. 500,** to the effect that conditions precedent may be shown which prevent a contract coming into existence. This is true but no issue was brought into this case, as in **Martin, Trustee v. Steinke, 22 Oh Ap 146,** also cited by appellant. Appellant admitted the execution of the contract.

Upon the admissible evidence and the pleadings the trial judge committed no error in finding for plaintiff and entering judgment accordingly.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.